O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAMONT A. LODGE, | ) |
| | ) |
| Petitioner, | ) Case No.  CV 14-9499-JGB(AJW) |
| | ) |
| v. | ) |
| | ) |
| E. VALENZUELA, Warden, | ) MEMORANDUM AND ORDER |
| | ) DISMISSING PETITION |
| Respondent. | ) |

In 1994, petitioner was convicted of second-degree robbery and attempted second-degree robbery. As a result of his prior felony convictions, petitioner was sentenced to state prison for a term of forty years to life. [Petition at 2].

Petitioner previously filed a petition for a writ of habeas corpus in this Court challenging his 1994 conviction and sentence. Case No. CV 00-9710-RSWL (AJW). The petition was denied on the merits on November 21, 2003, and the Court of Appeals affirmed the judgment. On November 13, 2014, petitioner filed a second petition challenging his 1994 conviction and sentence.  The petition was dismissed as successive on November 28, 2014. Case No. CV 14-8791-JGB(AJW).

The present petition, which appears to be identical to the petition filed in Case No. CV 14-8791-JGB(AJW), again challenges petitioner's 1994 conviction and sentence. The petition alleges that (1) petitioner's sentence was enhanced based upon facts not found by a jury; (2) petitioner received ineffective assistance of trial counsel; (3) petitioner was denied his right to appeal; (4) the trial court abused its discretion and violated the terms of petitioner's prior plea agreements by sentencing him under the Three Strikes Law; (5) petitioner's guilty pleas resulting in his prior "strike" convictions were the result of ineffective assistance of counsel; (6) trial counsel was ineffective because he failed to seek "specific performance" of the terms of the prior plea agreements; and (7) petitioner's sentence of 40 years to life deprived him of his constitutional rights. [Memorandum in Support of Petition at 4-16].[1]

---

[1] The petition includes two cursory references to Proposition 36. [Memorandum in Support of Petition at 4, 16]. In part, Proposition 36 provides a means whereby prisoners currently serving indeterminate life sentences "for a third felony conviction which was not a serious or violent felony may seek court review" of their sentences and, "under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." See People v. Superior Court (Kaulick), 215 Cal.App.4th 1279, 1292 (2013). A claim based upon the state court's failure to apply Proposition 36 would not be precluded as successive. See, e.g., Magwood v. Patterson, 561 U.S. 320, 341-342 (2010) (holding that the rules prohibiting second or successive petitions do not apply to a petition challenging for the first time a new judgment imposed after re-sentencing); Hill v. State of Alaska, 297 F.3d 895, 897-899 (9th Cir. 2002) (finding that a habeas corpus petition challenging the calculation of the petitioner's release date under the state's parole provisions was not a second or successive petition despite petitioner's earlier petitions challenging his underlying conviction). The petition, however, does not raise such a claim. Further, it is not clear that petitioner ever sought re-sentencing under Proposition 36 or, if he did, that he has exhausted his state remedies respect to any federal claim he may possess arising out of a request for re-sentencing as required by 28 U.S.C. §2254(b).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this Court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**It is so ordered.**

Dated: December 31, 2014

Jesus G. Bernal
United States District Judge

3